**The Hanchulak Law Offices, P.C.**
**By: Gerald J. Hanchulak,** Attorney I.D. #56320
604 South State Street
Clarks Summit, PA   18411
Phone: (570) 319-6642

Attorneys for Defendants,
Pocono Medical and
Center & Pocono Health System

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SVETLANA GITERMAN, | |
| | ELECTRONICALLY FILED |
| Plaintiff, | JURY TRIAL DEMANDED |
| vs. | No. 3:16-CV-00402-MEM |
| POCONO MEDICAL CENTER, POCONO HEALTH SYSTEM, and WHITESTONE CARE CENTER | Judge: Mannion |
| Defendants. | |

**MOTION FOR SUMMARY JUDGMENT OF
DEFENDANT'S POCONO MEDICAL CENTER
AND POCONO HEALTH SYSTEM**

AND NOW come the Defendants Pocono Medical Center and Pocono Health System, by and through their attorneys, and files the within Motion for Summary Judgment:

1.      Plaintiff filed a Complaint (Doc. 1) in this matter on March 7, 2016, which moving Defendants timely answered (Doc. 20).

2.      On July 5, 2016, Plaintiff filed an Amended Complaint (Doc. 23), which again was timely answered by the moving Defendants (Doc. 25).

3.      The Plaintiff is deaf.

4. The gravamen of the Amended Complaint, as it pertains to the moving Defendants, is that moving Defendants, a hospital, failed to provide "auxiliary aids and services" to allow the Plaintiff to effectively communicate about her medical treatment, during two separate visits to the hospital's emergency department.

5. The Plaintiff's emergency department visits occurred on March 8, 2014 and July 3, 2014. Both visits were to treat accidental fractures of the right ankle.

6. Plaintiff's claims are brought pursuant to Title III of the Americans With Disabilities Act (ADA) *42 U.S.C. § 12181, et seq.* and Section 504 of the Rehabilitation Act. (RA) *29 U.S.C. § 794*. Claims under both Acts are governed by the same legal standard. See *Macfarlan v. Ivy Hill SNF, LLC, 675 F.3d 266, 274(3d Cir. 2012), McNelis v. Pennsylvania Power & Light Company, 867 F.3d 411 (2017)*.

7. To prevail, Plaintiff must prove (1) that she is a qualified individual with a disability, (2) she was excluded from participation in or denied the benefits of the hospital's services, programs, or activities, or otherwise discriminated against, (3) on account of her disability. See *Bowers v. National Collegiate Athletic Ass'n 9 F.Supp2d 460, 480 (D.N.J. 1998)*.

8. Under Title III of the ADA, discrimination is prohibited "against the disabled in the full and equal enjoyment of public accommodations. *Spector v. Norwegian Cruise Line Ltd., 545 U.S. 119, 128, 125 S.Ct. 2169, 162 L.Ed.2d. 97 (2005)*. Accordingly, entities that provide public accommodation, in part, must provide auxiliary aids and services to disabled individuals. Id.

9. To recover compensatory damages, the Plaintiff must show that the exclusion or denial was the result of intentional discrimination. See *Shaika v. Gnaden*

*Huetten Memorial Hospital, 3:15-CV-0294 (M.D. Pa. 2015) citing Chambers v. Sch. Dist. Of Philadelphia Bd. Of Educ., 827 F.Supp.2d 409, 417(E.D.Pa.2011).*

10. The Third Circuit Court in *D.E. v. Central Dauphin School Dist., 765 F.3d 260, 269 (3d Cir. 2014)*, held that where a plaintiff seeks compensatory damages as a remedy for violations of the RA and the ADA, "it is not enough to demonstrate only that the plaintiff has made out the prima facie case [of disability discrimination]" and that "[h]e or she must also demonstrate that the discrimination was intentional." (citation omitted). Further, "[a] showing of deliberate indifference satisfies that standard." Id. (citation omitted). See also S.H. ex rel. Durrell v. Lower Merion School Dist., 729 F.3d 248, 263 (3d Cir. 2013) (Third Circuit held that "a showing of deliberate indifference may satisfy a claim for compensatory damages under §504 of the RA [].").

11. The Third Circuit Court in *D.E., 765 F.3d at 269*, stated: To satisfy the deliberate indifference standard, a plaintiff *"must present evidence that shows both: (1) knowledge that a federally protected right is substantially likely to be violated... and (2) failure to act despite that knowledge." Id. at 265 (citing Duvall v. Cnty. of Kitsap, 260 F.3d 1124, 1139 (9th Cir. 2001)).* "Deliberate indifference does not require a showing of personal ill will or animosity toward the disabled person*." Id. at 263 (quoting Meagley v. City of Little Rock, 639 F.3d 384, 389 (8th Cir. 2011)(internal quotation marks omitted)).* It does, however, require a " `deliberate choice, rather than negligence or bureaucratic inaction.'*" Id. (quoting Loeffler v. Staten Island Univ. Hosp., 582 F.3d 268, 276 (2d Cir. 2009)).*

12. "Under Title III of the ADA, private plaintiffs may not obtain monetary damages and therefore only prospective injunctive relief is available.*" Anderson v.*

*Macy's, Inc.*, 943 F. Supp. 2d 531, 538 (W.D. Pa. 2013). See 42 U.S.C. § 12188(a) (providing that the remedies available to individuals shall be those set forth in *42 U.S.C. § 2000a-3(a)*, which allows a private right of action only for injunctive relief for violations of Title II of the Civil Rights Act of 1964); *Newman v. Piggie Park Enters., Inc.*, 390 U.S. 400, 402 (1968).

13. "Past illegal conduct is insufficient to warrant injunctive relief unless it is accompanied by continuing, present adverse effects." *See Shaika v. Gnaden Huetten Memorial Hospital*, 3:15-CV-0294 (M.D. Pa. 2015), quoting *Doe v.Nat'l Bd. Of Med. Examiners*, 210 Fed.Appx. 157, 159 (3d Cir. 2006).

14. To state a basis for a claim for injunctive relief, the complaint must allege that injury to the plaintiff is "certainly impending." *See Shaika v. Gnaden Huetten Memorial Hospital*, 3:15-CV-0294 (M.D. Pa. 2015), quoting *Phillips v. St. Mary's Medical Center*, 2013 WL 1124372, *2(E.D. Pa. March 19, 2013).

15. The injury must be personal, actual and imminent, and cannot be speculative. *Doe, 199 F.3d at 153*.

16. In order to establish standing for injunctive relief, "the plaintiff must put forth a definitive, uncontested intent to return…" *Anderson v. Macy's Inc.* 943 F.Supp.2d 531, 540 (W.D. Pa. 2013).

17. Even an intention to return without definitive plans will not suffice. *Lujan v. Defenders of Wildlife, 504 U.S. 555, 112 S.Ct. 2130, 119 L.Ed.2d 351(1992)*.

18. In addition to showing that she has definitive plans of returning, a plaintiff "needs to show that she will be injured by not having effective communication in the future." *See Shaika v. Gnaden Huetten Memorial Hospital*, 3:15-CV-0294 (M.D. Pa.

*2015).*

## PLAINTIFF'S TITLE III ADA CLAIM

19. Moving defendants incorporate herein by reference paragraphs 1 through 18 above, as if the same were incorporated herein by reference.

20. Because the Plaintiff has not indicated "a definitive, uncontested intent to return…" to Pocono Medical Center, her Title III ADA claim must be dismissed, based upon a lack of standing.

Wherefore, moving Defendant's respectfully request this Court grant summary judgment and dismiss Plaintiff's Title III ADA claim with prejudice.

## PLAINTIFF'S SECTION 504 REHABILITATION ACT

21. Moving defendants incorporate herein by reference paragraphs 1 through 20 above, as if the same were incorporated herein by reference.

22. Because Plaintiff cannot support a claim for intentional discrimination, Plaintiffs Section 504 Rehabilitation Act claim must be dismissed.

WHEREFORE, Plaintiff's claims under Title III of the ADA and Section 504 of the Rehabilitation Act must be dismissed with prejudice.

Respectfully submitted,

The Hanchulak Law Offices, P.C.

By: s/Gerald J. Hanchulak
Gerald J. Hanchulak, Esq.,
Atty ID PA 56320