**The Hanchulak Law Offices, P.C.**
**By: Gerald J. Hanchulak,** Attorney I.D. #56320
604 South State Street
Clarks Summit, PA   18411
Phone: (570) 319-6642              Attorneys for Defendants,
                                    Pocono Medical and
                                    Center & Pocono Health System

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SVETLANA GITERMAN, | |
| | ELECTRONICALLY FILED |
| Plaintiff, | JURY TRIAL DEMANDED |
| vs. | No. 3:16-CV-00402-MEM |
| POCONO MEDICAL CENTER, POCONO HEALTH SYSTEM, and WHITESTONE CARE CENTER | Judge: Mannion |
| Defendants. | |

**STATEMENT OF MATERIAL FACTS**
**PURSUANT TO LR 56.1**

AND NOW come the Defendants Pocono Medical Center and Pocono Health System, by and through their attorneys, and files the within Statement of Material Facts, in support of its Motion for Summary Judgment:

1.   Plaintiff is totally deaf since age 9 (Exhibit A P12 L13).

2.   Plaintiff fractured her right ankle while exercising at home on March 8, 2014 (Exhibit A P18 L12).

3.   Plaintiff was transported by ambulance to the Pocono Medical Center Emergency Department on March 8, 2014 (Exhibit A P18 L22 –P19 L1).

1

4. Plaintiff was provided a Deaf Talk Video Remote Interpreting (VRI) services computer to communicate on March 8, 2014. (Exhibit A P21 L17).

5. Plaintiff had a conversation with a nurse, wherein the nurse explained to Plaintiff that she had a broken ankle and a soft cast was going to be applied (Exhibit A P25 L3).

6. Prior to having a cast applied on March 8, 2014, Plaintiff knew her ankle was fractured and that a cast was going to be applied (Exhibit A P26 L4).

7. On March 8, 2014, the nurse also discussed with Plaintiff what was going to occur after the cast was applied (Exhibit A P26 L11).

8. On March 8, 2014, Plaintiff fully understood what was going to occur with regard to her right ankle fracture (Exhibit A P26 L15).

9. With the help of her son, Plaintiff fully understood the discharge instructions provided on March 8, 2014. (Exhibit A P29 L13).

10. On March 8, 2014, Plaintiff fully understood and signed the "Consent to Medical And/Or Surgical Treatment," which is attached to her deposition as exhibit 1 (Exhibit A P30 L18).

11. On March 17, 2014, Plaintiff was back at Pocono Medical Center for surgery and was provided with a live interpreter (Exhibit A P31 L14).

12. Plaintiff was "very happy" with the interpreter provided on March 17, 2014 (Exhibit A P32 L20).

13. Plaintiff had a "smooth recovery" from the March 8, 2014, right ankle fracture (Exhibit A P35 L12).

14. Plaintiff's recovery was free of any complications (Exhibit A P35 L20).

15. On July 3, 2014, Plaintiff was involved in an automobile accident (Exhibit A P25 L23—P36 L2).

16. On July 3, 2014, Plaintiff was transported by ambulance to Pocono Medial Center (Exhibit A P36 L17).

17. As a result of the July 3rd automobile accident, Plaintiff again fractured her right ankle (Exhibit A P38 L9).

18. Plaintiff's condition was emergent (Exhibit A P38 L7).

19. Plaintiff says she was offered VRI, but claims a problem occurred with the Wi-Fi connection (Exhibit A P40 L3).

20. Plaintiffs son is fluent in American Sign Language (ASL) and was present to interpret for Plaintiff at that time (Exhibit A P39 L19).

21. Plaintiff was given medication for the pain and was told by the doctor that she needed surgery (Exhibit A P39 L19).

22. The nurse attending to Plaintiff attempted to get a live interpreter, but was unable (Exhibit A P43 L7).

23. On July 3, 2014, Dr. Sinco, the attending surgeon explained to Plaintiff that she required an open reduction of her right ankle, which would occur on July 4th and Plaintiff understood Dr. Sinco (Exhibit A P49 L1—L10).

24. Plaintiff was satisfied she understood her condition and the surgery that was planned (Exhibit A P49 L17).

25. Plaintiff was at Pocono Medical Center July 3, 2014 to July 8, 2014 (Exhibit A P50 L2).

26. On July 8, 2014, Plaintiff was transferred to Whitestone Care Center for

physical therapy (Exhibit A P50 L7—L18).

27. Plaintiff recovered well and without complications from her July 3, 2014, ankle injury (Exhibit A P53 L10—L15).

28. Plaintiff is in possession of no facts to support her claim that the moving defendant, Pocono Medical Center, intentionally discriminated against her (Exhibit A P55 L7—P57 L11).

29. Plaintiff has no definitive plans to return to Pocono Medical Center, only that her return is possible if Pocono Medical Center provides an interpreter (P83 L14).

30. Plaintiffs son, Joseph Giterman worked as an ASL interpreter from 1998 to 2010 (Exhibit B P8 L11--L24).

31. Joseph Giterman's ability to communicate with his mother by ASL is "very good" (Exhibit B P11 L1).

32. The alleged lack of an interpreter in March of 2014 did not affect Plaintiff's care in anyway (Exhibit B P29 L24).

33. All of Plaintiff's complaints about the March 2014 visit arose on March 8, 2014 (Exhibit B P34 L1).

34. PMC had a contract for Video Interpreting Services with Deaf-Talk, Inc. d/b/a DT Interpreting, for ASL VRI services, the original agreement was for a 3 year term, beginning May 21, 2013 (See Exhibit C and D P43 L22).

35. Since 2014, PMC has added additional computers to provide better access to VRI services (Exhibit D P44 L5).

36. PMC also had in effect at all times relevant hereto, a contract with Lehigh Valley Center for Independent Living, to provide live ASL interpreters as needed (See

Exhibit E).

                       Respectfully submitted,

                       The Hanchulak Law Offices, P.C.

                       By:  s/Gerald J. Hanchulak
                            Gerald J. Hanchulak, Esq.,
                            Atty ID PA 56320