# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **SVETLANA GITERMAN,** : | |
| : | |
| **Plaintiff** : | **CIVIL ACTION NO. 3:16-0402** |
| : | |
| **v.** : | |
| : | **(JUDGE MANNION)** |
| **POCONO MEDICAL CENTER,** : | |
| *et al.*, : | |
| **Defendants** : | |

## MEMORANDUM

On April 15, 2019, plaintiff filed a motion to strike under Fed.R.Civ.P. 37(c)(1) and to preclude the trial testimony of two of defendant Pocono Medical Center's ("PMC") witnesses, namely, Armit Khatrichettri, PA, and Candrea Zujus, RN, claiming that they were untimely disclosed. (Doc. 137). Plaintiff and PMC filed their respective briefs, (Docs. 138 & 139), with attached exhibits.

Plaintiff contends that the two witnesses were not disclosed to her until April 1, 2019 in PMC's amended trial witness list, after the close of discovery and afer PMC filed its pretrial memorandum on March 15, 2019. (Doc. 116). Plaintiff points out that Khatrichettri "was neither listed on PMC's initial disclosures nor in [its] interrogatory responses", and that even though PMC listed Zujus in its initial disclosures as an "ASL interpreter", Zujus was not listed as a witness in PMC's interrogatory responses. (See Doc. 138, Ex. B).

On April 11, 2019, counsel for the parties discussed the late disclosure

of the PMC's two witnesses and plaintiff represents that PMC's counsel indicated that he "intended to offer these witnesses to discuss how they communicated effectively with Ms. Giterman using the Deaf-Talk VRI computer system during her stay at PMC's facility."

Plaintiff then filed her instant motion seeking to preclude both witnesses from testifying at trial arguing that since they were disclosed long after the discovery deadline, since they were not included in PMC's trial witness list, and since she did not have the opportunity to depose these witnesses, she "will be greatly prejudiced by the admission of their testimony after [the] untimely disclosure."

In Crawford v. George & Lynch, Inc., 19 F.Supp.3d 546, 551 (D.Del. 2013), the court discussed a Rule 37(c)(1) motion and explained:

> Federal Rule of Civil Procedure 37(c)(1) provides that, "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Courts within the Third Circuit evaluate harmlessness and substantial justification based on the following factors: (1) the importance of the information withheld; (2) the prejudice or surprise to the party against whom the evidence is offered; (3) the likelihood of disruption of the trial; (4) the possibility of curing the prejudice; (5) the explanation for the failure to disclose; and (6) the presence of bad faith or willfulness in not disclosing the evidence. Konstantopoulos v.Westvaco Corp., 112 F.3d 710, 719 (3d Cir.1997). "[T]he exclusion of critical evidence is an 'extreme' sanction, not normally to be imposed absent a showing of willful deception or 'flagrant disregard' of a court order by the proponent of the evidence." Meyers v. Pennypack Woods Home Ownership Ass'n, 559 F.2d 894, 905 (3d Cir.1977), *rev'd on other grounds*,

2

Goodman v. Lukens Steel Co., 777 F.2d 113 (3d Cir.1985), *aff'd*, 482 U.S. 656, 107 S.Ct. 2617, 96 L.Ed.2d 572 (1987). The determination of whether to exclude evidence is ultimately committed to the discretion of the court. Quinn v. Consol. Freightways Corp. of Del., 283 F.3d 572, 576 (3d Cir. 2002).

"The test of substantial justification is satisfied if 'there exists a genuine dispute concerning compliance.'" Crooks v. National Oilwell Varco, L.P., 2013 WL 3481581, *3 (M.D.Pa. June 24, 2013) (citations omitted). "Failure to comply with Rule 26(a) is harmless 'if it involves an honest mistake, coupled with sufficient knowledge by the other party of the material that has not been produced." Id. (citation omitted).

It is not disputed that Khatrichettri and Zujus were not disclosed to plaintiff as trial witnesses until April 1, 2019 in PMC's amended witness list. However, counsel for PMC states that on August 3, 2016, he gave plaintiff's counsel all of plaintiff's PMC medical records and that they identified Zujus and Khatrichettri as rendering care to plaintiff. PMC also states that the records show that "Zujus and Khatrichettri made multiple notations in the record that they were speaking to Plaintiff with the use of a 'Deaf talk interpreter' on a computer." (Doc. 139, Ex. 1). Thus, PMC states that plaintiff had sufficient notice of Zujus' and Khatrichettri's involvement in this case, and that it intends to call them to testify at trial to verify the stated entries in plaintiff's records.

Additionally, PMC states that it identified Zujus in its Rule 26 initial

3

disclosure and in its Joint Case Management Plan disclosures, but that it inadvertently failed to name Khatrichettri in either of its stated filings. PMC also admits that it inadvertently failed to include Zujus or Khatrichettri in its Pre-Trial Memorandum. Further, PMC points out that although it did not identify Zujus and Khatrichettri in its answers to plaintiff's interrogatories, her interrogatories did not request the identity of any witness. In any event, PMC responded to plaintiff's interrogatories by stating, in relevant part, that "The medical records reflect that Ms. Giterman was a patient in the PMC emergency department on March 8, 2014. At that time she was identified as deaf and communicated effectively with staff via Deaf talk ASL video interpreter." As such, PMC seeks to call Zujus and Khatrichettri as witnesses at trial to verify these notations in plaintiff's medical records.

Additionally, PMC states that in its motion for summary judgment it relied upon the March 8, 2014 chart entries to show that plaintiff was able to communicate with its staff using a Deaf Talk ASL video interpreter, thus proving that plaintiff was well aware of these notations made by Zujus and Khatrichettri.

When PMC realized its failure to include Zujus and Khatrichettri in its trial witness list, it sent plaintiff an amended list on April 1, 2019 which included their names. (Doc. 138-1). At this time, PMC advised plaintiff that it would not object to allowing plaintiff to depose these two witnesses before

trial, but plaintiff failed to do so.

While PMC failed to comply with the disclosure requirements regarding these two witnesses, it can hardly be said that plaintiff was not aware of Zujus and Khatrichettri and the entries in PMC's medical records indicating that plaintiff was able to communicate with its staff using a Deaf Talk ASL video interpreter. Thus, plaintiff had ample notice of the substance of the trial testimony of Zujus and Khatrichettri. Moreover, plaintiff had the opportunity to mitigate any prejudice by seeking the court's permission to depose these two witnesses after being advised on April 1, 2019, three weeks before trial, that PMC would not oppose such a request. Indeed, the court would have granted such a request. Also, the court finds that PMC did not act in bad faith.

Based on the above facts, the court finds that PMC met its burden of showing that the effect of its untimely disclosure of Zujus and Khatrichettri as trial witness was harmless and, thus the court will deny plaintiff's Rule 37(c)(1) motion to strike and to preclude their trial testimony.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: April 19, 2019**

16-0402-03.wpd